IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHILIP BIKLE, | ) | CIVIL NO. 15-00293 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER DENYING AS MOOT |
| vs. | ) | APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| OFFICER CLARENCE W. DAVIES | ) | |
| III, in his individual | ) | |
| capacity | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.        INTRODUCTION.**

On August 3, 2015, Plaintiff Philip Bikle filed the

Complaint in this matter as well as an Application to Proceed in

District Court Without Prepaying Fees or Costs ("IFP

Application").  See ECF Nos. 1 and 3.  Pursuant to 28 U.S.C.

§§ 1915(e)(2), this court has screened the Complaint and

determined that it fails to state a claim on which relief may be

granted.  Accordingly, the court dismisses the Complaint and

denies the IFP Application as moot.

**II.       FACTUAL BACKGROUND.**

On or about November 11, 2016, Bikle was stopped by

Officer Clarence W. Davies III while driving on Route 11 on the

Big Island of Hawaii.  Bikle says he was stopped because he had

no official Hawaii license plate on the back of his car.  *See* ECF

No. 1 ¶ 6, PageID # 2.  Bikle admits that, instead of having a

Hawaii license plate, "There were plates on the front and back .

. . with the name, 'WITTMEIER' on it." *Id.*  The "plate" "looked

like a car dealership placard." *Id.* ¶ 16, PageID # 4.  Bikle was

not free to go on his way after he was stopped by Davies. *Id.*

¶ 21, PageID # 5.

Bikle explained to Davies that he had brought his

vehicle to Hawaii from California, where Bikle claimed the

vehicle was exempt from registration requirements. *Id.* ¶¶ 6-7,

PageID # 2-3.

Bikle says that Davies went to his police vehicle for

about 7 minutes.  When Davies returned, Davies allegedly asked

Bikle whether Bikle was willing to give Davies some

identification.  Bikle turned over his passport, but no driver's

license.  Davies wrote down Bikle's vehicle's VIN number and

returned to the police vehicle. *Id.* ¶¶ 8-9, PageID # 3.

Davies eventually returned to Bikle and gave him

citations for the following traffic violations: no license plate;

deliquent vehicle tax; no certificate of inspection; and

registration not in vehicle. *Id.* ¶ 10, PageID # 3.  According to

Bikle, the entire traffic stop lasted approximately 30 minutes.

*Id.* ¶ 36, PageID # 8.

Bikle's Complaint asserts unreasonable seizure claims

arising under the United States and Hawaii constitutions.

*See* ECF No. 1.

**III.**     **STANDARD.**

To proceed in forma pauperis, Bikle must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  The court therefore screens his Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

**IV.**     **ANALYSIS.**

Bikle claims that Officer Davies's traffic stop amounted to an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Hawaii Constitution.  Bikle argues that the unreasonable seizure prohibition was violated because "[t]here was no probable cause, or articulable suspicion, at the time Davies made a show of authority to stop Plaintiff," saying that because "the alleged traffic violation [was] non-criminal, the possibility for any probable cause or reasonable suspicion [was] nil."  ECF No. 1 ¶ 29, PageID # 6.  Bikle then contends that Officer Davies lacked probable cause to arrest him, which he equates to a seizure to issue the traffic tickets.  *Id.* ¶¶ 34-39, PageID # 7-8.  Bikle does not allege that Davies arrested him but says that he was temporarily seized during the traffic stop.

Bikle's allegations fail to allege any viable claim based on an unreasonable seizure in violation of the Fourth Amendment of the United State Constitution or Article I, Section 7 of the Hawaii constitution.  Accordingly, the court dismisses the Complaint.

The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, section 7, of the Hawaii constitution similarly states:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures and invasions of privacy shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized or the communications sought to be intercepted.

There can be no dispute that temporary detention of individuals during the stop of an automobile by the police, even for a brief period, constitutes a "seizure" within the meaning of the Fourth Amendment and Article I, Section 7.  *See Whren v. United States*, 517 U.S. 806, 809-10 (1996) (traffic stop is seizure subject to the Fourth Amendment); *State v. Spillner*, 116

Haw. 351, 357, 173 P.3d 498, 504 (2007) ("There is no dispute that a traffic stop is a form of seizure for constitutional purposes."); *State v. Kim*, 68 Haw. 286, 290, 711 P.2d 1291, 1294 (1985) ("The stopping of an automobile and the detaining of its occupants for a brief period during a traffic stop constitute a seizure within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.").  The issue, therefore, is whether the particular traffic stop is a reasonable or unreasonable seizure for purposes of either the Fourth Amendment or Article I, section 7 of the Hawaii constitution.

     "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  *Whren*, 517 U.S. at 810.  Accordingly, when an officer has probable cause to believe that a person driving a vehicle has violated a traffic code and the officer pulls the vehicle over to give the driver a civil ticket, the stop is generally reasonable and there is no federal or state constitutional violation.  *See Whren*, 517 U.S. at 819.  *Accord State v. Scalera*, 139 Haw. 453, 393 P.3d 1005, 1012 (2017) (no violation of Hawaii constitution when officer made traffic stop because driver crossed over solid traffic line twice and over broken traffic line once); *State v. Estabillio*, 121 Haw. 261, 270, 218 P.3d 749, 758 (2009) (traffic stop for speeding and vehicle registration infractions constitutional).

However, "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015). "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop." *Id.* at 1614. "Beyond determining whether to issue a traffic ticket, an officer's mission includes ordinary inquiries incident to the traffic stop. Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Id.* at 1615 (quotation marks and citation omitted).

The factual allegations in the Complaint do not allege a viable claim. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555.  A

complaint is required to "state a claim to relief that is

plausible on its face." *Id.* at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 677.

When Officer Davies witnessed the vehicle being driven

by Bikle without a proper license plate affixed to the vehicle,

he had probable cause based on articulable facts to believe a

violation of section 249-7(b) of Hawaii Revised Statutes

occurred.  In relevant part, that section states:

> The owner shall securely fasten the number
> plates on the vehicle, one on the front and
> the other on the rear, at a location provided
> by the manufacturer or in the absence of such
> a location upon the bumpers of the vehicle
> and in conformance with section 291-31, in
> such a manner as to prevent the plates from
> swinging.  Number plates shall at all times
> be displayed entirely unobscured and be kept
> reasonably clean.

It was reasonable for Officer Davies to stop Bikle, and no viable

federal or state constitutional violation is stated to the extent

the Complaint is premised on the stop, given the absence of a

Hawaii license plate from Bikle's vehicle.

The court turns next to whether the length of the

traffic stop was reasonable.  Bikle says the entire traffic stop

took about 30 minutes.  Under the facts alleged in the Complaint,

no reasonable jury could determine that the length of the traffic

stop was unreasonable.  Bikle admits that he lacked a license

plate.  He told Officer Davies that his car came from California,

where it was not registered because it was allegedly exempt from

registration.  Bikle did not present a valid driver's license and

had not paid the applicable vehicle tax.  Nor did he present a

certificate of inspection or vehicle registration.  Given the

totality of these facts, the alleged 30-minute detention to

conduct the typical inquiries incident to the traffic stop, which

could have included an attempt to determine whether Bikle was

truly the owner of the vehicle, was not unreasonable.  Had Bikle

possessed the proper paperwork, the traffic stop might have taken

less time.  But his failure to possess that paperwork justified

the additional time.  No facts are alleged in the Complaint

indicating that Davies did anything unrelated to the tickets he

issued that prolonged the traffic stop for even a moment.

Accordingly, the factual allegations of the Complaint do not

demonstrate any viable claim of an unreasonable seizure based on

the length of the traffic stop.

        Because Bikle's unlawful arrest claim is premised on

the traffic stop (rather than an actual arrest), the unlawful

arrest claim fails as well, as it is simply another way of

arguing that Bikle was unreasonably seized.

**V.        CONCLUSION.**

Bikle's Complaint is dismissed, and the IFP Application is denied as moot.  The court grants Bikle leave to file an Amended Complaint that states a viable claim no later than June 29, 2017.  Bikle may submit another IFP Application at that time.

Failure to file an Amended Complaint by June 29, 2017, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 9, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Bikle v Davies, Civ. No. 17-00261 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS