```
           IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF HAWAII

PHILIP BIKLE,                  )   CIVIL NO. 17-00261 SOM/KJM
                               )
          Plaintiff,           )   ORDER DISMISSING FIRST
                               )   AMENDED COMPLAINT; ORDER
     vs.                       )   DENYING AS MOOT APPLICATION
                               )   TO PROCEED IN FORMA PAUPERIS;
OFFICER CLARENCE W. DAVIES     )   EXHIBIT A
III, in his individual         )
capacity                       )
                               )
          Defendant.           )
_____
```

**ORDER DISMISSING FIRST AMENDED COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS; EXHIBIT A**

**I.      INTRODUCTION.**

On June 6, 2017, Plaintiff Philip Bikle filed the Complaint in this matter as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  See ECF Nos. 1 and 3.  On June 9, 2017, pursuant to 28 U.S.C. §§ 1915(e)(2), this court screened that Complaint, determining that it failed to state a claim on which relief may be granted.  The court therefore dismissed the Complaint and denied the IFP Application as moot, giving Bikle leave to file a First Amended Complaint.

On June 29, 2017, Bikle filed a First Amended Complaint, asserting the same claims asserted in the original Complaint, as well as another IFP Application.  Because the expounded allegations do not cure the defects in the original Complaint, the court dismisses the First Amended Complaint

pursuant to 28 U.S.C. §§ 1915(e)(2) and denies the IFP application as moot.

**II.    BACKGROUND.**

This court set forth the factual background and legal analysis for dismissal of Bikle's claim in its order of June 9, 2017.  That order is attached hereto as Exhibit A and is incorporated by reference, as Bikle's claims remain unchanged.

Bikle was stopped by Officer Clarence W. Davies, III, while driving on the Big Island of Hawaii because Bikle's vehicle had no official Hawaii license plate on the back of it.  Instead of official Hawaii license plates, the vehicle had dealership-like placards with the name "WITTMEIER" on them.  Bikle was issued a citation for the civil traffic infraction of failing to have license plates, as well as citations for other infractions that became clear during the pendency of the stop.

**III.   ANALYSIS.**

Arising from these facts, the First Amended Complaint asserts the same claims asserted in the original Complaint. Count I asserts an unreasonable seizure, arguing that the seizure violated federal and state constitutions.  Bikle says it was unreasonable for the officer to pull him over because the officer lacked probable cause to believe that an actual crime had been committed.  As set forth in this court's previous order, however, an officer's seizure of an individual to cite him or her for a

violation of a civil traffic provision is reasonable when the officer has probable cause to believe the person violated a civil traffic provision.  *See Whren v. United States*, 517 U.S. 806, 810 (1996).  In other words, the officer need not have probable cause to believe a crime, as opposed to a civil traffic infraction, has occurred before stopping the individual for the civil traffic infraction.  To hold otherwise would mean that officers could never stop vehicles for things like running a red light, unless those things were also crimes.

The First Amended Complaint's contention that Bikle was not engaged in any traffic activity is unavailing.  Citing the definition of "intrastate commerce" in section 286-2 of Hawaii Revised Statutes, Bikle argues that he was not engaged in "traffic."  Such an argument involves a tortured reading of the definition of "intrastate commerce," which "means trade, traffic, or transportation between two places in the State that originates and terminates within the State."  That is a definition of "intrastate commerce," not of "traffic."  That definition appears to have been designed to distinguish "intrastate commerce" from "interstate commerce," not to distinguish "traffic" from anything else.  It therefore has no impact on whether the officer had probable cause based on articulable facts to believe a violation of section 249-7(b) of Hawaii Revised Statutes occurred.  That section requires owners of vehicles to secure license plates to

the front and rear of vehicles. Officer Davis had probable cause to stop Bikle because his vehicle admittedly had no Hawaii license plates.

The court is similarly unpersuaded by the First Amended Complaint's argument that the officer lacked probable cause to believe a violation of section 249-7(b) occurred because, pursuant to section 286-53(f), there is an exception to the permanent license plate requirements for "new vehicles" being transported from the place of entry into the state to a "warehouse, storeroom, or other place of business." There are no facts alleged supporting the application of that exception to this case. In fact, the First Amended Complaint indicates that section 286-53(f) is inapplicable, as it alleges that Bikle obtained his vehicle in 2010. Such a vehible would not qualify as new. *See* First Amended Complaint ¶ 5, ECF No. 6, PageID # 29.

Finally, the officer's probable cause to believe that Bikle had violated section 249-7(b) is unaffected by whether Bikle was required to register his vehicle in California.

Because, under the facts alleged in the First Amended Complaint, it was reasonable for Officer Davies to stop Bikle for a violation of section 249-7(b), no viable federal or state constitutional violation for an unreasonable seizure is stated to the extent the First Amended Complaint is premised on the stop.

Count II asserts the identical wrongful arrest claim rejected by this court in its order of June 9, 2017. For the reasons set forth in that earlier order, Count II is again dismissed.

**IV.    CONCLUSION.**

For the reasons set forth in the court's earlier order, and for the additional reasons stated in the present order, Bikle's First Amended Complaint is dismissed, and the IFP Application is denied as moot. Because Bikle has demonstrated that allowing further leave to amend his complaint would be futile, the court declines to allow any further amendment and orders the Clerk of Court to enter judgment in favor of Officer Clarence W. Davies, III, and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Bikle v Davies, Civ. No. 17-00261 SOM/KJM; ORDER DISMISSING FIRST AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS; EXHIBIT A